DRINKER BIDDLE & REATH LLP
Timothy J. O'Driscoll (I.D. No. 021811998)
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
(973) 360-9831 *facsimile*

*Attorneys for Plaintiff, Banner Life Insurance Company*

### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>IRENE LUKACIN, STEFAN LUKACIN, BORIS LUKACIN, and ZALMAN SILBER,<br><br>Defendants. | Civil Action No._____ |

### COMPLAINT FOR INTERPLEADER

Plaintiff, Banner Life Insurance Company ("Banner"), hereby files this Complaint for Interpleader pursuant to 28 U.S.C. § 1335 against Defendants, Irene Lukacin, Stefan Lukacin, Boris Lukacin, and Zalman Silber, and in support thereof, avers as follows:

### THE PARTIES

1.      Plaintiff, Banner, is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 3275 Bennett Creek Avenue, Frederick, Maryland 21704.

2.      Upon information and belief, Defendant Irene Lukacin is an adult individual who resides at 111 Plymouth Road, Hillsdale, New Jersey 07642, and is a citizen and resident of the State of New Jersey.

3. Upon information and belief, Defendant Stefan Lukacin is an adult individual who resides at 111 Plymouth Road, Hillsdale, New Jersey 07642, and is a citizen and resident of the State of New Jersey.

4. Upon information and belief, Defendant Boris Lukacin is an adult individual who resides at 13-22 Plaza Road, Fairlawn, New Jersey, 07410, and is a citizen and resident of the State of New Jersey.

5. Upon information and belief, Defendant Zalman Silber is an adult individual who resides at 12 Miriam Lane, Monsey, New York 10952, and is a citizen and resident of the State of New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1335 and 2361 in that Banner is obligated to pay certain life insurance proceeds that exceed the sum of $500.00; at least two claimants of diverse citizenship within the meaning of 28 U.S.C. § 1332 are claiming and/or may claim to be entitled to the proceeds at issue; and Banner is prepared to deposit the proceeds at issue into the registry of the Court or, with the consent of the parties and the Court, hold the proceeds at issue pending a final adjudication of the conflicting claims thereto.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1397 in that at least one of the claimant defendants resides in this judicial district.

## INTERPLEADER CLAIM

8. On or about February 27, 2001, Banner issued Policy No. 17B301250 (the "Policy"), on the life of the insured, Frank Lukacin. *See* the Policy, with redactions of certain

personal identifiers, private health information, and financial account data, attached hereto as Exhibit "A."

9. The Policy had a face value of $500,000.00. *See* Ex. A at p. 1. The named owner of the Policy was the insured, Frank Lukacin. The named primary beneficiary of the Policy was Irene Lukacin, wife of the insured. The named contingent beneficiaries of the Policy were Stefan Lukacin and Boris Lukacin, sons of the insured. *See* the Application, attached to and made a part of the Policy, at p. 1.

10. On or about May 28, 2013, Marcy Frawley, identified as an office manager for one Zalman Silber, sent Banner an ownership change form and a beneficiary change form with respect to the Policy. The forms were signed by Stefan Lukacin, and purported to change the owner and beneficiary of the Policy to Zalman Silber. Subsequently, on or about May 31, 2013, Marcy Frawley sent Banner a document purporting to grant Stefan Lukacin power of attorney with respect to Frank Lukacin. However, the power of attorney document did not provide authorization for Stefan Lukacin to change ownership of the Policy, it was not notarized as required, and it was otherwise invalid. Banner notified Marcy Frawley of these facts.

11. On or about July 31, 2013, Banner received correspondence from Zalman Silber, requesting that the owner and beneficiary of the Policy be changed to Zalman Silber. *See* correspondence from Zalman Silber to Banner dated July 31, 2013 (with enclosures), a copy of which is attached hereto as Exhibit "B." Enclosed with the correspondence from Zalman Silber were copies of a Consent Order and Letters of Limited Guardianship entered by the Superior Court of New Jersey, Law Division, Bergen County (the "Bergen County Court"), which adjudged Frank Lukacin to be mentally and physically incapacitated, and appointed Stefan Lukacin as Guardian of Frank Lukacin with respect to all health and medical issues, including

but not limited to health and medical decisions, application(s) to Medicaid, and interaction with insurance companies for informational purposes.  *See* the Consent Order and Letters of Limited Guardianship, copies of which are attached hereto as part of Exhibit "B."

12. Also enclosed with the correspondence from Zalman Silber were an ownership change form and beneficiary change form signed by Stefan Lukacin, requesting that the owner and beneficiary of the Policy be changed to Zalman Silber.  *See* Exhibit "B."

13. Upon receipt of the July 31, 2013 correspondence and its enclosures, Banner sent a letter to the Bergen County Court requesting clarification as to Stefan Lukacin's authority as Guardian of Frank Lukacin, specifically with regard to whether the Consent Order granted Stefan Lukacin the authority to exercise rights of ownership in the Policy.  *See* correspondence from Banner to the Bergen County Court, dated August 6, 2013, a copy of which is attached hereto as Exhibit "C."

14. The Bergen County Court responded to Banner via correspondence dated August 15, 2013, and confirmed that Stefan Lukacin, in his capacity as Guardian of Frank Lukacin, did not have the authority to exercise rights of ownership in the Policy absent further court order.  *See* correspondence from the Bergen County Court to Banner, a copy of which is attached hereto as Exhibit "D."

15. On or about September 3, 2013, Stefan Lukacin advised Banner by telephone that Frank Lukacin had died on September 1, 2013.

16. In order to process a claim on the Policy, by letter to Irene Lukacin dated September 4, 2013, Banner requested, *inter alia*, a Claimant's Statement completed by the beneficiary, and one original certified copy of the insured's Death Certificate.  *See*

correspondence from Banner to Irene Lukacin, dated September 4, 2013, a copy of which is attached hereto as Exhibit "E."

17. On September 24, 2013, Zalman Silber sent Banner a letter enclosing, *inter alia*: a copy of Frank Lukacin's death certificate; and correspondence purportedly signed by Irene Lukacin, Stefan Lukacin, and Boris Lukacin, purporting to request that Zalman Silber receive the death benefit proceeds under the Policy. *See* correspondence from Zalman Silber to Banner, dated September 24, 2013 (with enclosures), a copy of which is attached hereto as Exhibit "F."

18. On September 25, 2013, following a telephone conversation with Marcy Frawley, Banner sent email correspondence to Marcy Frawley. In its correspondence, Banner advised, *inter alia*, that: any paperwork signed by Stefan Lukacin purporting to change the ownership and subsequent beneficiary of the Policy to Zalman Silber was invalid in light of the fact that the Consent Order did not provide Stefan Lukacin with the authority to exercise any rights of ownership under the Policy; Irene Lukacin remained the named beneficiary under the Policy; if Irene Lukacin wished to disclaim entitlement to the Policy proceeds she could do so by a written disclaimer that complied with the state disclaimer statutes, in which case the proceeds would be payable to the named contingent beneficiaries under the Policy; in that event, the contingent beneficiaries also could disclaim entitlement to the Policy proceeds by a written disclaimer that complied with the state disclaimer statutes, in which case the proceeds would be payable to Frank Lukacin's estate; neither the named beneficiary nor the named contingent beneficiaries have a contractual right to select a different beneficiary under the Policy; and if Zalman Silber persisted in making a claim to the Policy proceeds, then Banner would file an interpleader action in the appropriate court, seeking all associated attorneys' fees and costs. *See* email

correspondence from Banner to Marcy Frawley, dated September 25, 2013, a copy of which is attached hereto as Exhibit "G."

19. Subsequent to Banner's September 25, 2013 correspondence, counsel for Zalman Silber contacted Banner to iterate his demand for the Policy proceeds, and also stated that it would not be acceptable to Zalman Silber for Banner to pay the Policy proceeds to Irene Lukacin, the named beneficiary of the Policy, due to the risk that she would not give the amount of the proceeds to Zalman Silber.

20. Under cover of correspondence dated October 23, 2013, Irene Lukacin submitted to Banner a completed Claimant's Statement and a Death Certificate for Frank Lukacin.  *See* correspondence from Irene Lukacin to Banner, dated October 23, 2013 (with enclosures), a copy of which is attached hereto as Exhibit "H."  In her correspondence, Irene Lukacin stated that she is "aware that Mr. Zalman Silber is applying for the proceeds payable under [the] policy and [she] challenge[s] his right to recover those proceeds."  In addition, Irene Lukacin requested that Banner pay the Policy proceeds directly to her, or alternatively, that Banner institute an interpleader action.  *See* Exhibit "H."

21. Based on the foregoing, it appears that both Irene Lukacin and Zalman Silber are claiming to be entitled to the death benefit proceeds under the Policy (the "Proceeds at Issue"), and that Stefan Lukacin and Boris Lukacin, as contingent beneficiaries under the Policy, may also claim to be entitled to the Proceeds at Issue.

22. Unless potentially adverse and conflicting claims to the Proceeds at Issue are resolved in a single proceeding pursuant to an appropriate court order, Banner is subject to multiple litigation and is at substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for these proceeds.

23. Banner is seeking, by way of this interpleader, certainty regarding the parties' respective rights to the Proceeds at Issue.

24. Banner is ready, willing, and able to distribute the Proceeds at Issue upon an Order from this Court directing to whom the Proceeds at Issue should be paid.

25. Banner is a mere innocent stakeholder, seeking only to deposit the stake with the Court, and claims no interest in the Proceeds at Issue.

26. Banner is entitled to an award of costs and reasonable attorneys' fees because Banner is an innocent stakeholder in this interpleader action.

27. Banner reserves the right to defend against any claims asserted against it.

**WHEREFORE**, Banner respectfully requests the Court to:

(1) issue process pursuant to 28 U.S.C. § 2361 for all Defendants, addressed to and served by the United States Marshal's office for the respective districts where Defendants reside or may be found;

(2) enter an Order pursuant to 28 U.S.C. § 2361, restraining all Defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Policy or the Proceeds at Issue until further order of the Court;

(3) direct Banner to pay the Proceeds at Issue into the registry of the Court, or to hold the Proceeds at Issue pending a final judgment by the Court as to the proper payee and the expiration of any appeal period related thereto;

(4) direct Defendants to assert herein their respective claims, if any, to the Policy or the Proceeds at Issue without further involvement of Banner;

  (5) direct and declare the respective rights of Defendants with respect to the Proceeds at Issue and direct and declare to whom the Proceeds at Issue are to be made;

  (6) discharge Banner from any and all liability in connection with, arising out of, or relating to the Policy or the Proceeds at Issue;

  (7) award Banner its costs and attorneys' fees, to be deducted from the Proceeds at Issue; and

  (8) grant any such other and further relief as the Court deems appropriate.

Dated:  October 31, 2013    By:_____/s/ Timothy J. O'Driscoll_____

              DRINKER BIDDLE & REATH LLP
              Timothy J. O'Driscoll (I.D. No. 021811998)
              500 Campus Drive
              Florham Park, New Jersey 07932-1047
              (973) 549-7000
              (973) 360-9831 *facsimile*

              *Attorneys for Plaintiff, Banner Life Insurance Company*