**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> IRENE LUKACIN, STEFAN LUKACIN, BORIS LUKACIN, and ZALMAN SILBER, <br><br> Defendants. | Civil Action No.: 13-cv-6589 (CCC) <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion of Plaintiff Banner Life Insurance Company ("Banner") for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), for an order of interpleader, for the entry for an order discharging Banner from liability related to this suit, for an order directing Banner to deposit the funds with the registry of the Court, and for reasonable fees and costs. (ECF No. 19). The Defendants in this interpleader action are Irene Lukacin, Stefan Lukacin, and Boris Lukacin, (collectively the "Lukacins"), and Zalman Silber ("Silber"). Under Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument.

The Defendants do not object to the order of interpleader and the dismissal with prejudice of Banner upon its deposit of insurance proceeds into the Court, but object to the award of attorney's fees and costs. (ECF No. 24, 1; ECF No. 25, 2). Having considered the parties' submissions and for the reasons discussed below, Banner's motion is **GRANTED**.

## I. BACKGROUND

On or about February 27, 2001, Banner issued a life insurance policy to Frank Lukacin (the "Policy"). (Compl. 2.) The Policy had a face value of $500,000.00. (Compl. 3.) The named primary beneficiary of the Policy was Irene Lukacin, the insured's wife, and the contingent beneficiaries were Stefan Lukacin and Boris Lukacin, the insured's sons. (Id.)

On May 28, 2013, Marcy Frawley, office manager for Silber, sent Banner an ownership change form and a beneficiary change form signed by Stefan Lukacin. (Id.) The forms purported to change the owner and beneficiary of the Policy to Silber. (Id.) On May 31, 2013, Frawley sent Banner a document purporting to grant Stefan Lukacin power of attorney with respect to Frank Lukacin, but the document did not provide authorization for Stefan Lukacin to change ownership of the Policy. (Id.) Banner informed Frawley that the document was not notarized and was invalid. (Id.)

On July 31, 2013, Banner received from Silber a request that the owner and beneficiary of the Policy be changed to Silber, which included a Consent Order and Letters of Limited Guardianship entered by the Superior Court of New Jersey, Law Division, Bergen County ("Bergen County Court"). (Id.) Bergen County Court found Frank Lukacin to be mentally and physically incapacitated, and appointed Stefan Lukacin as Guardian of Frank Lukacin with respect to all heath and medical issues, including interactions with insurance companies for informational purposes. (Id. at 3-4.)

Banner then sent a letter to Bergen County Court requesting clarification as to whether the Consent Order granted Stefan Lukacin the authority to exercise rights of ownership in the Policy. (Id. at 4.) On August 15, 2013, Bergen County Court informed Banner that Stefan Lukacin, in his capacity as Guardian of Frank Lukacin, did not have authority to exercise rights

2

of ownership in the Policy absent further court order. (Id.)

On September 3, 2013, Stefan Lukacin advised Banner that Frank Lukacin died on September 1, 2013. (Id.) On September 4, 2013, Banner requested that Irene Lukacin send Banner a Claimant's Statement and a certified copy of the Death Certificate. (Id.)

On September 24, 2013, Silber sent Banner a letter along with the Death Certificate, and correspondence purportedly signed by Irene Lukacin, Stefan Lukacin, and Boris Lukacin requesting that Silber receive the death benefit proceeds. (Id. at 5; Exhibit F.)

On September 25, 2013, Banner advised Frawley that any paperwork signed by Stefan Lukacin purporting to change the ownership and beneficiary of the Policy to Silber was invalid because the Consent Order did not provide Stefan Lukacin with the authority to exercise any rights of ownership under the Policy. (Id.) Banner further told Frawley that Irene Lukacin remained the named beneficiary under the Policy and if she wished to disclaim entitlement to the Policy proceeds, she could do so by a written disclaimer that complied with state disclaimer statutes, but then the proceeds would be payable to Frank Lukacin's estate. (Id.) Banner concluded that neither the beneficiary nor the named contingent beneficiaries have a contractual right to select a different beneficiary under the Policy, and asserted that if Silber continued to make a claim to the Policy proceeds, Banner would file an interpleader action and seek all associated attorneys' fees and costs. (Id.; Exhibit G.) Counsel for Silber contacted Banner to request the Policy proceeds, and stated that Banner cannot pay Irene Lukacin due to the risk she would not give the money to Silber. (Id. at 6.)

On October 23, 2013, Irene Lukacin sent Banner a Claimant's statement and a Death Certificate for Frank Lukacin, and challenged Silber's right to recover the proceeds. (Id.) Irene Lukacin requested that Banner pay the Policy proceeds directly to her, or that Banner institute an

3

interpleader action. (Id.)

Unable to resolve this dispute, Banner filed an interpleader action on October 31, 2013 in the District Court for the District of New Jersey, naming the Lukacins and Silber as Defendants. (Id.) Banner alleges that unless the conflicting claims to the funds are resolved, Banner will be subject to multiple litigations and is at risk of suffering multiple liability or inconsistent rulings as to its liability for these proceeds. (Id. at 7.) Banner alleges that it is an innocent stakeholder and claims no interest in the proceeds at issue. (Id.)

On November 26, 2013, the Lukacins filed an answer and cross claim against Silber, and later amended their answer to include a demand for a jury trial. (ECF No. 8-11.) On December 27, 2013, Silber filed an answer, counterclaim, and cross-claim. (ECF No. 13.) On January 15, 2014, the counter-claim filed by Silber against Banner was dismissed without prejudice. (ECF No. 15.) On January 17, 2014, the Lukacins filed an answer to the cross-claims of Silber.

On February 12, 2014, Banner filed this instant motion. (ECF No. 19). The Lucakins filed a brief in opposition on March 20, 2014. (ECF No. 24.) Zalman filed a memorandum in opposition on March 24, 2014. (ECF No. 25.) Banner filed a reply on March 31, 2014. (ECF No. 26, ECF No. 27.)

## II. DISCUSSION

Rule 22 of the Federal Rules of Civil Procedure provides in pertinent part that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Interpleader allows a stakeholder who "admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings." Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (citing

4

Metro Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007)).

The typical interpleader action proceeds in two distinct stages. First, the court determines whether the interpleader action was properly brought and whether to discharge the stakeholder from further liability, and second, the court determines the rights of the claimants to the funds. Hovis, 553 F.3d at 262.

Banner filed this motion for a judgment on the pleadings, for an order of interpleader, for leave to deposit funds, and for discharge with prejudice. Defendants have no objection to the dismissal with prejudice of Banner from this action upon its deposit of insurance proceeds into the Court. (ECF No. 24, 1; ECF No. 25, 2.) In the instant interpleader action, the Lukacins and Silber both claim the right to the amount due on the life insurance policy. The Court finds that Banner has a legitimate fear of multiple liability, and that interpleader is clearly appropriate.

Banner also seeks attorney's fees for bringing the interpleader action. Banner asserts it has incurred $16,616.48 in necessary and reasonable fees. (ECF No. 26, 3). The Lukacins concede that the award of attorney's fees is "within sound discretion of the court." (ECF No. 24, 1.) Silber argues that Banner's request for at least some of the attorney's fees, if not all, are improper. (ECF No. 25, 2.)

"A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Metropolitan Life Ins. Co. v. Kubichek, 83 F. App'x 425, 431 (3d Cir. 2003) (internal quotations omitted). In such actions, a plaintiff is entitled to costs and reasonable counsel fees out of the funds deposited with the court. Callwood v. V.I. Nat'l Bank, 221 F.2d 770, 780 (3d Cir. 1955); Prudential Ins. Co. of Am. v. Fantaye, No. 08-3172, 2009 WL 482699, at *2 (D.N.J. Feb. 19, 2009).

Because the stakeholder "is considered to be helping multiple parties to an efficient resolution of the dispute in a single court," courts find that the stakeholder attorney's fees are justified. Frontier Ins. Co. v. Mission Carrier, Inc., No. 91–5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992) (citing Massachusetts Mut. Life Ins. Co. v. Cent. Penn Nat'l Bank, 372 F. Supp. 1027, 1044 (E.D.Pa.1974), aff'd, 510 F.2d 970 (3d Cir. 1975)). Additionally, the work required to bring an interpleader suit is minimal and therefore "the fee award should not seriously deplete the fund." Frontier Ins. Co., 1992 WL 209299, at *2.

Courts will only award attorney fees to a disinterested stakeholder, who is "involved 'not because of [his] own wrongdoing but rather because he is the mutual target of a dispute which is not of his own making.'" Frontier Ins. Co., 1992 WL 209299, at *2 (quoting Moore ¶ 22.16(2)). Attorney's fees will not be awarded for work that was "excessive, redundant, or otherwise unnecessary." Fantaye, 2009 WL 482699, at *2 (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

The Lukacins' recognize that the award of attorney's fees and costs is "within the sound discretion of the court," but ask the Court not to award fees in this case. (ECF No. 24, 1-2.) Silber argues that Banner's request for attorney's fees is improper because some of the fees and costs that Banner is seeking arise in the normal course of business and are not compensable. (ECF No. 25, 1-2.) Silber also relies on cases in other jurisdictions—not binding on this Court— for the argument that "many courts have held that insurance companies are never permitted to recoup attorneys' fees." (ECF No. 25, 3-4.)

Exercising its discretion, the Court finds that Banner is entitled to $16,616.48 in attorney's fees and costs. As conceded by the parties, Banner is an innocent stakeholder in this action. Additionally, this amount is reasonable in light of the effort expended by Banner's

counsel and such an award does not seriously deplete the fund.

### III. CONCLUSION

Accordingly,

**IT IS,** on this 22nd day of September, 2014.

**ORDERED** that Banner's motion for interpleader is hereby **GRANTED**; and it is further

**ORDERED** that Banner shall be awarded its requested $16,616.48 in attorney's fees and costs; and it is further

**ORDERED** that Banner will be dismissed from this action with prejudice upon Banner's deposit of the proceeds with the registry of the Court minus $16,616.48 in attorney's fees and costs.

_____
**CLAIRE C. CECCHI, U.S.D.J.**